UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NETWORK APPS, LLC, a Washington limited liability corporation, | Case No. 2:16-cv-01852-TSZ |
| Plaintiff, | **DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER** |
| v. | **NOTE ON MOTION CALENDAR: April 7, 2017** |
| AT&T INC., a Delaware corporation; AT&T CORP., a New York corporation; AT&T MOBILITY LLC, a Delaware limited liability company, AT&T SERVICES, INC., a Delaware corporation, | |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 1

II. EACH OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) ............................................................................................ 4

    A. Legal Standard ................................................................................... 4

    B. Plaintiff Fails to Allege Any Facts Establishing that it Owns a Valid, Registered Copyright. ....................................................................... 4

    C. Plaintiff's Breach of Contract Claim Should be Dismissed................. 5

        1. Plaintiff fails to allege that it is a proper assignee of the Agreement or the Initial SOW with the right to bring this claim. ............................... 6

        2. Plaintiff fails to allege any facts that it complied with the mandatory dispute resolution provision of the Agreement prior to bringing its breach of contract claim. ........................................ 8

    D. Plaintiff's Minimal Allegations in its Trade Secret Misappropriation Claim Are Insufficient to Survive a Motion to Dismiss. .................................. 9

        1. Plaintiff fails to state a claim upon which relief can be granted under the WUTSA. .................................................................. 10

        2. Plaintiff fails to state a claim upon which relief can be granted under the DTSA. .................................................................... 12

    E. Plaintiff's Allegations of Patent Infringement Cannot Survive a Motion to Dismiss.......................................................................................... 13

        1. Plaintiff fails to allege facts sufficient to allow the Court to infer that the accused product infringes each element of at least one claim of the Asserted Patent to support a claim for direct patent infringement. ...................................................................... 13

        2. Plaintiff's allegations are wholly deficient to support its claim for willful infringement. ............................................................. 16

        3. Plaintiff fails to allege that the allegedly infringing activities or components have no substantial non-infringing use to support a claim for contributory infringement.......................................... 17

        4. Plaintiff fails to allege that Defendants intended for their customers to infringe or that they knew that their customers' acts constituted infringement to support a claim for induced infringement. ..................... 18

III. PLAINTIFF'S STATE LAW CLAIMS OF BREACH OF CONTRACT AND TRADE SECRET MISAPPROPRIATION SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(1)................................................................. 20

IV. IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(A)...... 21

V. CONCLUSION.............................................................................................. 22

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE i

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

# TABLE OF AUTHORITIES

Page(s)

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................4, 13

*Baden Sports, Inc. v. Wilson Sporting Goods Co.*,
Case No. 11-0603 (MJP), 2011 U.S. Dist. LEXIS 81433 (W.D. Wash. July 26,
2011) ................................................................................................................10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................4, 13

*CAP Co., Ltd. v. Microsoft Corp.*,
Case No. 14-cv-1899 (MJP), slip op., Dkt. #70 (W.D. Wash. Apr. 6, 2015)....................17, 20

*Cascade Designs, Inc. v. Windcatcher Tech. LLC*,
Case No. 15-cv-1310 (TSZ), 2016 U.S. Dist. LEXIS 11767 (W.D. Wash. Feb.
1, 2016) ..........................................................................................................10, 11

*Centaur Corp. v. On Semiconductor Components Indus., LLC*,
Case No. 09-cv-2041 (BLM), 2010 U.S. Dist. LEXIS 8495 (S.D. Cal. Feb. 2,
2010) ..................................................................................................................9

*CG Tech. Dev., LLC v. Big Fish Games, Inc.*,
Case No. 2:16-cv-00587 (RCJ), 2016 WL 4521682 (D. Nev. Aug. 29, 2016) ......................16

*Citoli v. City of Seattle*,
115 Wn. App. 459 (2002) ........................................................................................8

*Collins v. Quintana*,
Case No. 15-cv-1619 (RAJ), 2016 U.S. Dist. LEXIS 11000 (W.D. Wash. Jan.
28, 2016) ..........................................................................................................6, 7, 8

*Cortec Indus., Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991)........................................................................................6

*Cosmetic Ideas, Inc. v. IAC/InteractiveCorp.*,
606 F.3d 612 (9th Cir. 2010) ....................................................................................5

*Crafty Prods. v. Fuqing Sanxing Crafts Co.*,
Case No. 15-cv-719 (BAS-JLB), 2016 U.S. Dist. LEXIS 136219 (S.D. Cal.
Sept. 29, 2016) ....................................................................................................5

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE ii

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

*Crystal Semiconductor Corp. v. TriTech Microelecs. Int'l, Inc.*,
246 F.3d 1336 (Fed. Cir. 2001) ................................................................................. 18

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) ...................................................................................... 4

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006) ................................................................................. 18

*Ervin v. Irani*,
Case No. 2:13-cv-01373 (RSM), 2014 U.S. Dist. LEXIS 141496 (W.D. Wash.
Oct. 3, 2014) ............................................................................................................ 4, 5

*Gilbert v. New Line Prods.*,
490 Fed. Appx. 34 (9th Cir. 2012) .............................................................................. 5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011) .................................................................................................. 18

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016) .............................................................................................. 16

*Hark C. Chan v. AT&T Mobility LLC*,
Case No. 11-cv-01766 (JLR), slip op., Dkt. #39 (W.D. Wash. July 18, 2012) ......... 17, 19

*Hydrogen Master Rights Ltd. v. Weston*,
Case No. 16-cv-474 (RGA), 2017 WL 78582 (D. Del. Jan. 9, 2017) ...................... 12

*Illumina, Inc. v. Life Tech. Co.*,
Case No. 11-cv-3022 (JAH-DHB), slip op., Dkt. #67 (S.D. Cal. Sept. 22,
2016) ...................................................................................................................... 17, 19

*Johnson v. Columbia Prop. Anchorage, LP*,
437 F.3d 894 (Fed. Cir. 2006) ................................................................................... 21

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) .................................................................................... 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) .................................................................................................. 21

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2:16-CV-01852-TSZ – PAGE iii

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    134 S. Ct. 2111 (2014) ..........................................................................................15

*M.C. Dean, Inc. v. City of Miami Beach, Florida*,
    Case No. 16-cv-21731 (CMA), 2016 WL 4179807 (S.D. Fl. Aug. 8, 2016) ...................12, 13

*nexTUNE, Inc. v. McKinney*,
    Case No. 12-cv-1974 (TSZ), 2013 U.S. Dist. LEXIS 77128 (W.D. Wash. May
    31, 2013) ...................................................................................................11, 21

*Nikoonahad v. Rudolph Techs., Inc.*,
    Case No. 08-cv-2290 (PVT), 2009 U.S. Dist. LEXIS 40696 (N.D. Cal. May
    13, 2009) ......................................................................................................9

*North American Wellness Center, LLC v. Holmes*,
    Case No. 3:14-cv-2584 (CAB), 2015 WL 1291372 (S.D. Cal. Mar. 23, 2015) .....................21

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    843 F.3d 1315 (Fed. Cir. 2016).............................................................................18, 20

*RainDance Techs. Inc., v. 10x Genomics, Inc.*,
    No. 15-cv-00152 (RGA), slip op., Dkt. #28 (D. Del. Mar. 4, 2016) .........................13

*Rainero v. Archon Corp.*,
    844 F.3d 832 (Fed. Cir. 2016).............................................................................20

*Robern, Inc. v. Glasscrafters, Inc.*,
    Case No. 2:16-cv-01815 (JMV), 2016 WL 3951726 (D.N.J. July 22, 2016).........................13

*Simplivity Corp. v. Springpath, Inc.*
    Case No. 4:15-cv-13345 (TSH), 2016 WL 5388951 (D. Mass. July 15, 2016) .....................16

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) .........................................................................4, 13

*TeleSign Corp. v. Twilio, Inc.*,
    Case No. 16-cv-2106 (PSG), 2016 WL 4703873 (C.D. Cal. Aug. 3, 2016)...............13, 14, 15

*United States v. Int'l Fidelity Insurance Co.*,
    Case No. 16-5142 (RBL), 2016 WL 5920091 (W.D. Wash. Oct. 11, 2016)....................21, 22

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE iv

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009).........................................................................................18

*Warren v. Fox Family Worldwide, Inc.*,
    171 F. Supp. 2d 1057 (C.D. Cal. 2001) aff'd, 328 F.3d 1136 (9th Cir. 2003) .......................6

*WBIP, LLC v. Kohler Co.*,
    829 F.3d 1317 (Fed. Cir. 2016).........................................................................................16

**Statutes and Rules**

17 U.S.C. § 411(a) .......................................................................................................1, 5

18 U.S.C. § 1836(b)(1) ......................................................................................................12

18 U.S.C. § 1839(3) ..........................................................................................................12

28 U.S.C. § 1331, § 1332, § 1332(a) and § 1338(a) ...................................................3, 20

28 U.S.C. § 1404(a) ...........................................................................................1, 3, 21, 22

35 U.S.C. § 271 et seq.....................................................................................................3, 20

Federal Rule of Civil Procedure 12(b)(1) ...................................................1, 3, 20, 21

Federal Rule of Civil Procedure 12(b)(6) ..............................................................1, 4

Federal Rule of Civil Procedure 84 ..................................................................................13

RCW 19.108.010(4)............................................................................................................10

RCW 19.108.900(2)(a) ........................................................................................................9

Copyright Act......................................................................................................................5

Defend Trade Secrets Act ...........................................................................................10, 12

Washington Uniform Trade Secrets Act.....................................................................10, 12

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

Defendants AT&T Corp., AT&T Mobility LLC, and AT&T Services, Inc. (collectively, "Defendants") move pursuant to (1) Rule 12(b)(6) to dismiss Plaintiff Network Apps, LLC's claims for copyright infringement, breach of contract, misappropriation of trade secrets, and patent infringement and (2) Rule 12(b)(1) to dismiss Plaintiff's state law claims for breach of contract and trade secret misappropriation.[1]  In the alternative, Defendants move pursuant to 28 U.S.C. § 1404(a) to transfer this case to the Southern District of New York.

## I.      **<u>INTRODUCTION</u>**

Plaintiff's Complaint alleges various claims for breach of contract (Dkt. #1 at pp. 11-12, ¶¶ 37-43), copyright infringement (*id.* at p. 13, ¶¶ 44-49), misappropriation of trade secrets (*id.* ¶¶ 50-55), and patent infringement (*id*. at p. 14, ¶¶ 56-62).  Each of Plaintiff's claims suffers from the same deficiency – Plaintiff has made only threadbare or conclusory allegations without providing any factual allegations to support its claims.  Accordingly, each of Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) because they are each wholly deficient and inadequately pled, failing to state a claim upon which relief can be granted.

First, the Court should dismiss Plaintiff's copyright claim because Plaintiff failed to allege the existence of a valid copyright or that it registered for a copyright.  The law is clear – "no civil action for infringement of the copyright in any United States work ***shall be instituted until*** preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a) (emphasis added).  Thus, although Plaintiff alleges that Defendants have infringed its "protectable copyright," Plaintiff makes no factual allegations sufficient to satisfy 17 U.S.C. § 411(a).

Second, Plaintiff's breach of contract claim should be dismissed because:  (1) Plaintiff is not a party or an assignee to the Professional Services Agreement (the "Agreement") or the Initial Statement of Work (the "Initial SOW") between Mya Number, LLC and AT&T Services,

---

[1] To the extent Plaintiff's state law claims of breach of contract and trade secret misappropriation are not dismissed as a threshold matter under Rule 12(b)(1), Plaintiff has also failed to sufficiently state a claim under Rule 12(b)(6).

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 1

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California  94304-1106
(650) 320-1800

Inc., and thus has no rights to enforce those agreements; and (2) Plaintiff fails to allege compliance with the mandatory dispute resolution provision of the Agreement prior to filing this suit. Moreover, because Plaintiff is not a party to those agreements, the explicit assignment clause in the Agreement requires Defendants' written consent for assignment of the Agreement or that written notice be provided to Defendants of any acquisition of the original signatory. Plaintiff provides no factual allegations showing compliance with this clause.

Third, although Plaintiff fails to state whether its trade secret misappropriation claim is brought pursuant to state or federal law (which by itself warrants dismissal), its claim under either is insufficient. Under either law, Plaintiff was required to plead that it has a legally protectable trade secret by establishing that it took reasonable efforts to maintain the secrecy of the alleged trade secret and that the alleged trade secret derives independent economic value from not being generally known or readily ascertainable by others. Plaintiff provides no factual allegations to satisfy either requirement. Moreover, Plaintiff fails to adequately describe the information it contends is a trade secret and fails to provide more than a formulaic recitation that "AT&T has misappropriated Plaintiff's trade secrets."

Fourth, Plaintiff's claim for direct infringement of U.S. Patent No. 9,438,728 (the "'728 Patent" or "Asserted Patent") fails to satisfy the pleading requirements and should be dismissed. After the abolishment of Form-18, courts have been clear that a claim for direct patent infringement must include allegations to permit this Court to infer that the accused product infringes *each element of at least one patent claim*. Plaintiff's threadbare allegation that Defendants infringe at least "each independent claim of the '728 Patent" without providing any information as to how Defendants' allegedly infringe each element of even one claim is insufficient.

Plaintiff's willful infringement allegations similarly fail and should be dismissed. To state a claim for willful infringement, Plaintiff must plead as a threshold matter that Defendants had knowledge of the '728 Patent. Here, Plaintiff fails to allege any facts showing that

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

Defendants knew of the patent (or its application) prior to the filing of Plaintiff's Complaint, let alone any facts suggesting that Defendants' conduct is sufficiently egregious to support willful infringement.

Likewise, Plaintiff fails to plead facts sufficient to satisfy the pleading requirements for its contributory and induced infringement claims, including failing to plead that Defendants had knowledge of the '728 Patent before filing this lawsuit. Moreover, Plaintiff fails to allege that the accused products have no substantial non-infringing uses, a required element of a claim for contributory infringement. Plaintiff also fails to allege that Defendants' customers directly infringed and that Defendants knew their customers' acts constituted infringement, as required for a claim for induced infringement. Plaintiff's threadbare allegations fail to adequately plead a claim for either contributory or induced infringement.

Finally, Plaintiff's state law claims should be dismissed pursuant to Rule 12(b)(1). Although Plaintiff alleges both federal and state law claims, its alleged basis for subject matter jurisdiction is "28 U.S.C. § 1331, § 1332, and § 1338(a) because this action arises under the patent laws of the United States, including, 35 U.S.C. § 271 et seq." Dkt. #1, at p. 4, ¶ 10. Even though Plaintiff cites generally to § 1332, it omits sufficient factual allegations of either diversity jurisdiction or supplemental jurisdiction to allow this Court to properly exercise jurisdiction over Plaintiff's state law claims for breach of contract or trade secret misappropriation. Because this Court is presumed to lack subject matter jurisdiction until the Plaintiff establishes otherwise, Plaintiff's state law claims should be dismissed.

Alternatively, pursuant to the forum selection clause of the Agreement, Plaintiff was legally obligated to bring any lawsuit in the Southern District of New York ("S.D.N.Y."). Where a valid forum selection clause exists, that clause should control except in unusual cases. Thus, in the event it is not dismissed, this case should be transferred to the S.D.N.Y. pursuant to 28 U.S.C. § 1404(a).

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 3

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

II.  **EACH OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6)**

A.  **Legal Standard**

Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555, and "to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  In addition, a properly pleaded Complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Thus, "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," will not suffice, *id.* at 663, and although the Court must accept as true all well-pleaded allegations within the Complaint, it need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

B.  **Plaintiff Fails to Allege Any Facts Establishing that it Owns a Valid, Registered Copyright.**

Plaintiff's copyright infringement claim should be dismissed because it fails to provide any factual allegations that Plaintiff is the owner of a valid, registered copyright.  "To establish copyright infringement, Plaintiff[] must prove two elements:  (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Ervin v. Irani*, Case No. 2:13-cv-01373 (RSM), 2014 U.S. Dist. LEXIS 141496, at *15 (W.D. Wash. Oct. 3, 2014) (citing *Fiest Publ'n Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 360 (1991)).  In particular, the

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 4

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Accordingly, Plaintiff may not pursue an infringement claim unless it first files an application for registration with the Copyright Office before filing a lawsuit. *See Gilbert v. New Line Prods.*, 490 Fed. Appx. 34, 36 n.1 (9th Cir. 2012) (citing *Cosmetic Ideas, Inc. v. IAC/InteractiveCorp.*, 606 F.3d 612, 621 (9th Cir. 2010)).

Here, Plaintiff fails to allege the existence of any copyright, let alone a valid, registered copyright. *See* Dkt. #1 at p. 13, ¶ 45 (stating only that "Plaintiff owns a ***protectable*** copyright in all source and executable codes, and derivative works therein, developed by Mya Number for NumberSync" (emphasis added)).[2] Plaintiff did not attach a registration certificate, provide a registration number, attach an application for registration, or allege that it has sought registration of its alleged copyright. *See Ervin*, 2014 U.S. Dist. LEXIS 141496, at *15 (dismissing the copyright infringement claim where "[p]laintiffs are still unable to show that they own a valid copyright") (citation omitted); *Crafty Prods. v. Fuqing Sanxing Crafts Co.*, Case No. 15-cv-719 (BAS-JLB), 2016 U.S. Dist. LEXIS 136219, at *11-16 (S.D. Cal. Sept. 29, 2016) (same). Moreover, Plaintiff fails to satisfy the requirement that it at least plead "receipt by the Copyright Office of a complete application." *Cosmetic Ideas, Inc.*, 606 F.3d at 621.

Because Plaintiff has failed to plead a legally cognizable copyright infringement claim, that claim should be dismissed.

## C.     Plaintiff's Breach of Contract Claim Should be Dismissed.

Plaintiff's breach of contract claim should be dismissed because: (1) Plaintiff is not a party or an assignee to the Agreement or the Initial the SOW that it now seeks to enforce; and (2) Plaintiff fails to allege compliance with the mandatory dispute resolution provision of the

---

[2] Plaintiff also does not identify which alleged copyrighted property Defendants purportedly infringed.

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

1  Agreement prior to filing this suit.  *See* Declaration of Lindsay M. White,[3] Exs. A and B.[4]

2  Plaintiff's failures to abide by these provisions prior to filing suit are failures that cannot be

3  cured with leave to amend its Complaint.

4               1.      **Plaintiff fails to allege that it is a proper assignee of the Agreement or**
                        **the Initial SOW with the right to bring this claim.**[5]
5

6         The underlying Agreement and the Initial SOW[6] that Plaintiff now seeks to enforce are

7  between AT&T Services, Inc. and a company called Mya Number, LLC.  Plaintiff Network

8  Apps, LLC is ***not*** a party to either agreement.  Thus, Plaintiff has no rights under either

9  document and its claim for breach of contract should be dismissed.  *See Collins v. Quintana*,

10  Case No. 15-cv-1619 (RAJ), 2016 U.S. Dist. LEXIS 11000, at *5-6 (W.D. Wash. Jan. 28, 2016)

11  (dismissing breach of contract claim where the parties did not have a contractual relationship).

12  Plaintiff provides only a conclusory allegation that "Network Apps ***now owns*** all the assets,

13  [3] All lettered exhibits referred to herein are exhibits to the Declaration of Lindsay M. White Filed In Support of this Motion unless otherwise stated.

14  [4] Although the Complaint does not explicitly cite the Agreement, it does expressly cite the Initial SOW, which

15  states: "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."  Ex. B (emphasis added). Under the "incorporation by reference" doctrine, a court may consider documents "whose contents are alleged in a

17  complaint and whose authenticity no party questions, but which are not physically attached to the [Plaintiff's] pleading."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted).  Moreover, a document may be

18  incorporated by reference when "the plaintiff's claim depends on the contents of a document" even though its contents are not specifically alleged in the complaint.  *Id.* (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.

19  1998) (superseded by statute on other grounds)); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("In addition, we have held that when a plaintiff chooses not to attach to the complaint or incorporate

20  by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so

21  easily be allowed to escape the consequences of its own failure."); *Warren v. Fox Family Worldwide, Inc.*, 171 F. Supp. 2d 1057, 1064 (C.D. Cal. 2001) aff'd, 328 F.3d 1136 (9th Cir. 2003) (dismissing claims under Rules 12(b)(1)

22  and 12(b)(6) and allowing consideration of agreements not attached to the complaint because the plaintiff's claims were based upon "defendants' alleged breach of these agreements" so the complaint "necessarily relie[d] upon the

23  agreements"). [5] Although the Complaint includes as Exhibit A the Limited Application Programming Interface Usage Agreement

24  between AT&T Mobility LLC and Mya Number LLC, Plaintiff has not alleged a breach of contract claim based on that agreement.  *See* Dkt. #1, Ex. A; *see also id.* at p. 7 ¶¶ 19-20.

25  [6] Although the Initial SOW sent to Mya Number for signature mistakenly omitted one page containing portions of Sections 5(f) and 6, the page of the draft version containing the agreed content of those sections (page 7) has been

26  included in Exhibit B for completeness.  In any event, the content of those sections has no impact on this motion.

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 6

including the patent, copyrights, trade secrets (collectively 'Intellectual Property'), **contracts**, and claims (collectively 'Assets') of Mya Number, Inc., an inactive, Washington corporation." Dkt. #1, at p. 2, ¶ 2 (emphasis added).[7] Although the Complaint refers to Mya Number, **Inc.**, *id.*, both the Agreement and the Initial SOW are between AT&T Services, Inc. and Mya Number, **LLC**, **not** Mya Number, **Inc.** *See* Exs. A and B. Thus, it is unclear what "assets" (if any) Plaintiff alleges it "now owns" from Mya Number, **Inc.** Moreover, other than this conclusory allegation that Plaintiff now "owns" Mya Number, Inc.'s "contracts," Dkt. #1 at p. 2, ¶ 2, Plaintiff fails to state which "contracts" it allegedly owns, fails to allege that it owns any contracts from Mya Number, LLC (the signatory to the Agreement and the Initial SOW), and fails to allege that it was assigned rights under the Agreement or the Initial SOW between Mya Number, LLC and AT&T Services, Inc.

Even if Plaintiff alleged that it was assigned rights pursuant to the Agreement or the Initial SOW, it still fails to allege that AT&T Services, Inc. provided written consent to any such assignment, or that AT&T Services, Inc. was notified pursuant to the assignment provision of the Agreement, which is also applicable to the Initial SOW, which states:



Ex. A (Agreement, Section 32) (emphasis added).[8] Plaintiff's allegation that it "owns" "contracts" is conclusory at best. Plaintiff was not the original signatory to the Agreement or the

---

[7] Moreover, Plaintiff's allegation that "Mr. Shei is also the co-inventor of the Intellectual Property developed at Mya Number, which was recently acquired by Network Apps," Dkt. #1 at p. 2, ¶ 3; *see also id.* ¶ 4 (similar), is ambiguous and refers only to the "Intellectual Property" and not the "Assets" which Plaintiff previously defined to include the "contracts, and claims" of Mya Number, Inc., *id.* at p. 2, ¶ 2.

[8] The Complaint incorrectly states that the Initial SOW (20140530.016.S.001) was executed on June 27, 2013. Both the Agreement and the Initial SOW were executed on June 27, 2014. Exs. A and B; *see also* Dkt. #1 at p. 10, ¶ 31.

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 7

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

Initial SOW, and Plaintiff has not alleged any facts suggesting that the above assignment provision was satisfied. *See Citoli v. City of Seattle,* 115 Wn. App. 459, 476 (2002) ("To bring a cause of action for breach of contract, [Plaintiff] must establish the existence of a valid and enforceable contract, ***the rights of the plaintiff*** and obligations of the defendant ***under the contract***, violation of the contract by the defendant, and damages to the plaintiff." (emphasis added)); *see also Collins,* 2016 U.S. Dist. LEXIS 11000, at *5-6 (dismissing breach of contract claim because there was "no contractual relationship with Defendant"). Nor could Plaintiff allege such facts. Neither Plaintiff nor Mya Number provided written notice of any assignment of the Agreement or the Initial SOW pursuant to (i) and (ii) of Section 32, let alone received AT&T Services, Inc.'s written consent to such assignment.[9] Thus, Plaintiff fails to allege any facts sufficient to show that it is an assignee of the Agreement or the Initial SOW in order to bring this breach of contract claim, which further supports dismissal.

2. **Plaintiff fails to allege any facts that it complied with the mandatory dispute resolution provision of the Agreement prior to bringing its breach of contract claim.**

Plaintiff failed to abide by and failed to allege that it complied with the mandatory dispute resolution provision of the Agreement prior to filing this lawsuit, which requires:



---

[9] Although not alleged in the Complaint, any allegation that Plaintiff is a beneficiary of the Agreement is equally unsupported, as the Agreement explicitly states that ████████████████████ Ex. A (Agreement, Section 25(h)).

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

Ex. A (Agreement, Section 28) (emphasis added).

Courts have dismissed breach of contract claims as unripe where, as here, the parties failed to abide by the dispute resolution provisions prior to filing suit. *See Nikoonahad v. Rudolph Techs., Inc.*, Case No. 08-cv-2290 (PVT), 2009 U.S. Dist. LEXIS 40696, at *13 (N.D. Cal. May 13, 2009) (dismissing insufficiently pled breach of contract claims, stating that even if those claims were sufficiently pled, the dispute resolution provision was not followed and thus, the "breach of contract claims are [] unripe and will be dismissed."); *see also Centaur Corp. v. On Semiconductor Components Indus., LLC,* Case No. 09-cv-2041 (BLM), 2010 U.S. Dist. LEXIS 8495, at *7-9 (S.D. Cal. Feb. 2, 2010) (granting motion to dismiss because "[f]ailure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal." (citation omitted)). Because Plaintiff fails to plead facts sufficient to show that its breach of contract claim is ripe, its claim should be dismissed. And given that Plaintiff's failures to abide by these provisions prior to filing suit are failures that cannot be cured, Plaintiff's breach of contract claim should be dismissed without leave to amend its Complaint.[11]

**D.    Plaintiff's Minimal Allegations in its Trade Secret Misappropriation Claim Are Insufficient to Survive a Motion to Dismiss.**

As a preliminary matter, Plaintiff fails to specify the law under which it brings its claim for trade secret misappropriation, which by itself warrants dismissal. Regardless of the law to be applied, Plaintiff fails to state a claim upon which relief can be granted under both the

---

[10] Although this dispute resolution provision states that it does not apply to ███████████████ ████████████████████████████████████████ those exceptions are inapplicable to Plaintiff's breach of contract claim, which is based on an alleged failure to pay royalties.

[11] To the extent Plaintiff alleges breach of contract based on alleged trade secret misappropriation, that breach of contract claim is necessarily preempted by Plaintiff's trade secret misappropriation claim. RCW 19.108.900(2)(a).

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 9

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

Washington Uniform Trade Secrets Act ("WUTSA") and the federal Defend Trade Secrets Act ("DTSA"). Plaintiff's failure to allege **any** facts regarding its reasonable efforts to maintain the secrecy of its alleged trade secrets or how its alleged trade secrets derive independent economic value justifies dismissal of this claim under both laws. Plaintiff's failures to adequately describe the information it contends constitutes a trade secret or provide more than a mere conclusory assertion that Defendants misappropriated its trade secrets further justify dismissal.[12]

### 1. Plaintiff fails to state a claim upon which relief can be granted under the WUTSA.

Plaintiff's trade secret misappropriation claim, if made pursuant to the WUTSA, should be dismissed because it fails to state sufficient facts to show that it has a legally protectable trade secret or that its alleged trade secret was misappropriated.

First, Plaintiff must plead, at a bare minimum, that it has a legally protectable trade secret pursuant to the WUTSA by establishing (1) that the information derives independent economic value from not being generally known or readily ascertainable to others who can obtain economic value from knowledge of its use, and (2) that reasonable efforts have been taken to maintain the secrecy of the information. *See Baden Sports, Inc. v. Wilson Sporting Goods Co*., Case No. 11-0603-MJP, 2011 U.S. Dist. LEXIS 81433, at *2 (W.D. Wash. July 26, 2011); *see also* RCW 19.108.010(4). Moreover, a "vague description" of the product at issue without identification of what components are protected by trade secrets is insufficient to survive a motion to dismiss. *Baden Sports*, 2011 U.S. Dist. LEXIS 81433, at *2 (dismissing trade secret misappropriation claim when the party failed to specify in its complaint which components, or combination of components, of a device are trade secrets); *see also Cascade Designs, Inc. v.*

---

[12] Moreover, if Plaintiff intends to argue that any information disclosed in its Complaint or its Exhibit B are trade secrets, Plaintiff itself publicly disclosed that information in its filing of this lawsuit, and thus, that information is no longer secret, to the extent it ever was.

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 10

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

*Windcatcher Tech. LLC*, Case No. 15-cv-1310 (TSZ), 2016 U.S. Dist. LEXIS 11767, at \*5-6 (W.D. Wash. Feb. 1, 2016) (same).

Here, Plaintiff fails to plead any facts regarding how its alleged trade secrets derive independent economic value or its reasonable efforts to maintain the secrecy of the information, requiring dismissal of this claim. Moreover, Plaintiff's overly broad description of its alleged trade secrets as "all source and executable codes, and derivative works therein, developed by Mya Number for NumberSync," *see* Dkt. #1 at pp. 10, 13, ¶¶ 33, 51, is insufficient to identify what components or combination of components, if any, are protectable trade secrets. [13] Plaintiff's failure to plead facts sufficient to show that it has a legally protectable trade secret pursuant to the WUSTA justifies dismissal of any such claim.

Second, Plaintiff must plead sufficient facts to allege that Defendants misappropriated its alleged trade secrets, but has not done so. Although the pleading standard "does not need 'detailed factual allegations,' [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *nexTUNE, Inc. v. McKinney*, Case No. 12-cv-1974 (TSZ), 2013 U.S. Dist. LEXIS 77128, at \*10 (W.D. Wash. May 31, 2013). Here, Plaintiff merely recites that "AT&T copied or has used Network Apps' trade secrets in deployment of NumberSync," "AT&T has misappropriated Plaintiff's trade secrets," and "AT&T's misappropriation is intentional." Dkt. #1 at p. 13, ¶¶ 52-54. Such mere formulaic recitations of "misappropriation," the second element for this cause of action, are insufficient to survive a motion to dismiss. *See nexTUNE,* 2013 U.S. Dist. LEXIS 77128, at \*10.

---

[13] Plaintiff also states: "***Mya Number also owns*** intellectual property, not claim[ed] in the '728 Patent, in copyrights and trade secrets that include, but are not limited to SDK/APKs for OEM hardware integration, messaging services, other executable and non-executable code, and an end-user interface to connect the NumberSync Grouping, Call Delivery, and Messaging Services Platform to the AT&T network and the OEM hardware." Dkt. #1 at p. 10, ¶ 33 (emphasis added). That assertion is inconsistent with Plaintiff's statement that it "now owns all the assets . . . of Mya Number, Inc." *Id.* at pp. 2, 10, ¶¶ 2, 33. It is entirely unclear what technology Plaintiff owns. In any event, this statement is equally vague and insufficient.

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 11

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

2. **Plaintiff fails to state a claim upon which relief can be granted under the DTSA.**

Plaintiff's trade secret misappropriation claim, if made pursuant to the recently enacted DTSA, should also be dismissed because it fails to allege a nexus between interstate or foreign commerce and the alleged trade secrets or allegedly infringing services, and as discussed above fails to state sufficient facts to show that it has a legally protectable trade secret.

The DTSA creates a private cause of action for the owner of a trade secret "if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). In addition and similar to the WUTSA, to be a trade secret, the DTSA requires that "(A) the owner thereof has taken reasonable measures to keep such information secret; and (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C. § 1839(3).

Here, the Complaint is wholly silent as to any allegations of a nexus between interstate or foreign commerce and either Plaintiff's alleged trade secrets or Defendants' NumberSync service. *See Hydrogen Master Rights Ltd. v. Weston*, Case No. 16-cv-474 (RGA), 2017 WL 78582, at *10 (D. Del. Jan. 9, 2017) (dismissing DTSA claim where plaintiff failed to allege a nexus between interstate or foreign commerce). Moreover, similar to its shortcomings under the WUTSA, Plaintiff fails to mention any facts regarding its reasonable measures to keep its alleged trade secrets secret or that its alleged trade secrets derive independent economic value from not being generally known. *See M.C. Dean, Inc. v. City of Miami Beach, Florida,* Case No. 16-cv-21731 (CMA), 2016 WL 4179807, at *7-8 (S.D. Fl. Aug. 8, 2016) (dismissing state and DTSA claims for failure to state plausible claims for relief). These failures to properly plead a DTSA claim warrant dismissal.

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 12

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

## E. Plaintiff's Allegations of Patent Infringement Cannot Survive a Motion to Dismiss.

Plaintiff fails to properly plead its claim that Defendants "[are] and ha[ve] been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '728 Patent."[14] Dkt. #1 at p. 14, ¶ 57. Plaintiff also fails to allege any facts to support its prayer for relief for willful infringement. *Id.* at p. 15, ¶ 69. Accordingly, all of its patent infringement claims should be dismissed.

### 1. Plaintiff fails to allege facts sufficient to allow the Court to infer that the accused product infringes each element of at least one claim of the Asserted Patent to support a claim for direct patent infringement.

Plaintiff fails to address the claim language of the Asserted Patent and fails to describe how the alleged activities constitute infringement, requiring dismissal of its claim for direct patent infringement. Post-Form 18,[15] courts have held that "a plaintiff must include allegations sufficient to permit the court to infer that the accused product infringes *each element of at least one claim*." *TeleSign Corp. v. Twilio, Inc.*, Case No. 16-cv-2106 (PSG), 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) (emphasis added) (granting motion to dismiss); *see also Robern, Inc. v. Glasscrafters, Inc.*, Case No. 2:16-cv-01815 (JMV), 2016 WL 3951726, at *5 (D.N.J. July 22, 2016) (granting motion to dismiss because Plaintiff "failed to relate factual assertions to the pertinent claims"); Ex. C (*RainDance Techs. Inc., v. 10x Genomics, Inc.*, No. 15-cv-00152 (RGA), slip op., Dkt. #28, at *4 (D. Del. Mar. 4, 2016) (granting motion to dismiss because "Plaintiff makes no attempt to relate any [sic] their factual assertions with any of the asserted claims")). Thus, "a plaintiff must still plausibly allege that a defendant's product or products

---

[14] Although the Complaint alleges that "the '728 Patent was assigned to" Plaintiff from Mya Number, *Inc.*, it fails to include any allegations related to Mya Number, *Corp.*, which is the assignee on the face of the patent and is a wholly separate entity from Mya Number, *Inc. See* Dkt. #1 at p. 2, ¶ 2; *see also id.*, Ex. D ('728 Patent).

[15] The December 2015 amendments to the Federal Rules of Civil Procedure abrogated Rule 84 and Form 18. *See TeleSign Corp.,* 2016 WL 4703873, at *2. Because Plaintiff filed its Complaint (December 3, 2016) well after the amendments took effect (December 1, 2015), Plaintiff must plead infringement under the Supreme Court's standard in *Iqbal* and *Twombly*, and the Ninth Circuit's standard in *Starr. Starr*, 652 F.3d at 1216.

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 13

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

practice all elements of at least one patent claim." *TeleSign Corp.,* 2016 WL 4703873, at *4 (citing *Atlas IP, LLC v. Exelon Corp.*, Case No. 15-cv-10746, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016) (granting motion to dismiss); *Asghari-Kamrani v. United Servs. Auto. Ass'n,* Case No. 2:15-cv-478, 2016 WL 1253533, at *4 (E.D. Va. Mar. 22, 2016) (same); *Atlas IP LLC v. Pac. Gas & Elec. Co.*, Case No. 15-cv-05469-EDL, 2016 WL 1719545, at *3-5 (N.D. Cal. Mar. 9, 2016) (same)).

Here, Plaintiff wholly fails to address the claim language or describe how the alleged activities constitute infringement of each element of at least one claim. Instead, Plaintiff merely alleges that Defendants "integrated" Mya Number's technology "into the AT&T network" and "deployed" NumberSync using "intellectual property that is protected by the '728 Patent, trade secrets and copyrights." Dkt. #1 at p. 13, ¶ 35. Moreover, Plaintiff's conclusory allegations that Defendants "infringe the '728 Patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States products or processes that practice the inventions claimed in the '728 Patent, including without limitation the offering of NumberSync to all subscribers to the AT&T network" and infringe at least "each independent claim of the '728 Patent" are insufficient, as independent Claims 1, 8, and 17 each require multiple steps or components. *Id.* at p. 14, ¶¶ 57, 59.

Claim 1 is exemplary, requiring numerous distinct steps involving multiple components (in addition to other limitations):

> 1.  A method for telephone number grouping, comprising:
> ***provisioning, by a telephone service provider, a plurality of telephone numbers including associating each of the plurality of telephone numbers with a distinct physical telephone service user device of a grouped plurality of physical telephone service user devices***, the quantity of the plurality of telephone numbers being no greater than the quantity of the grouped plurality of physical telephone service user devices;
> ***registering, with a telephone number grouping service, at least two telephone numbers of the plurality of telephone numbers as grouped telephone numbers*** with respect to incoming and outgoing telephone calls to and from the grouped plurality of physical telephone service user devices;

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 14

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

> ***providing, by the telephone service provider to the telephone number grouping service, at least partial call control for incoming and outgoing telephone calls*** with respect to the grouped telephone numbers;
>
> with respect to incoming telephone calls to the grouped telephone numbers, ***activating one or more of the grouped plurality of physical telephone service user devices associated with the grouped telephone numbers in accordance with a grouped telephone number incoming call policy*** that governs incoming telephone calls to the grouped plurality of physical telephone service user devices, the grouped telephone number incoming call policy ***being capable of causing activation of multiple of the grouped plurality of physical telephone service user devices responsive to an incoming call***; and
>
> with respect to an outgoing telephone call from a physical telephone service user device associated with the grouped telephone numbers, ***causing the outgoing telephone call to appear to originate from a selected telephone number of the grouped telephone numbers in accordance with a grouped telephone number outgoing call policy*** that governs outgoing telephone calls from the grouped plurality of physical telephone service user devices, the grouped telephone number outgoing call policy ***being capable of designating each of the grouped telephone numbers associated with the grouped plurality of physical telephone service user devices as the selected telephone number***.

Dkt. #1, Ex. D (Claim 1) (emphasis added). Plaintiff does not state how Defendants allegedly infringe any of these steps or components. The Court cannot infer from Plaintiff's threadbare allegations that all elements of at least one claim are infringed (or even that any element of any claim is infringed), requiring dismissal of Plaintiff's claim for direct patent infringement. *See TeleSign Corp.*, 2016 WL 4703873, at *4.

Dismissal of Plaintiff's claim for direct patent infringement necessarily dooms Plaintiff's inducement, contributory, and willfulness claims as well. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117-18 (2014); *see also TeleSign Corp.*, 2016 WL 4703873, at *4. Nonetheless, additional bases for dismissal of each of those claims are addressed below.

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 15

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

2. **Plaintiff's allegations are wholly deficient to support its claim for willful infringement.**

Plaintiff does not specifically allege a separate claim for willful infringement, but its prayer for relief requests that this Court find Defendants' alleged infringement to be willful. *See* Dkt. #1 at p. 15, ¶ 69. In any event, as Plaintiff fails to sufficiently plead a claim for willful infringement, any such claim should be dismissed. To state a claim for willful infringement, "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932-33 (2016)). Courts have likewise explained post-*Halo* that the "subjective willfulness of a patent infringer, ***intentional or knowing***, may warrant enhanced damages." *Princeton Dig. Image Corp. v. Ubisoft Entm't SA*, Case No. 13-cv-335 (LPS), 2016 WL 6594076, at *11 (D. Del. Nov. 4, 2016) (citing *Halo*, 136 S. Ct. at 1932-34) (emphasis added)). Because there are no allegations in the Complaint that Defendants knew of the '728 Patent (or its application) prior to the filing of the Complaint, any pre-suit willfulness allegations should be dismissed as legally deficient. *See id.*

Moreover, any allegations of post-suit willfulness should similarly be dismissed, as the Complaint "fails to allege any facts suggesting that [Defendants'] conduct is egregious . . . beyond typical infringement." *CG Tech. Dev., LLC v. Big Fish Games, Inc.*, Case No. 2:16-cv-00587 (RCJ), 2016 WL 4521682, at *14 (D. Nev. Aug. 29, 2016). In particular, Plaintiff's Complaint is unlike the complaint in *Simplicity Corp. v. Springpath, Inc.*, which the court held sufficient to withstand a motion to dismiss post-complaint willfulness under the *Halo* standard, as it alleged that the defendant had "escalat[ed] . . . infringing activities after receipt of the original Complaint." Case No. 4:15-cv-13345-TSH, 2016 WL 5388951, at *18 & n. 32 (D. Mass. July 15, 2016). There are no such factual allegations here and any claim for willfulness, pre- or post-suit, should be dismissed accordingly.

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 16

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

### 3. **Plaintiff fails to allege that the allegedly infringing activities or components have no substantial non-infringing use to support a claim for contributory infringement.**

Plaintiff fails to plead facts sufficient to support a claim for contributory infringement. Contributory infringement requires Plaintiff to plead that "(1) Defendant[s] knew that the combination for which [their] component was especially designed was both patented and infringing" and "(2) that the accused products have no substantial non-infringing uses." Ex. D (*CAP Co., Ltd. v. Microsoft Corp.*, Case No. 14-cv-1899 (MJP), slip op., Dkt. #70, at *4 (W.D. Wash. Apr. 6, 2015) (citations omitted)).

Here, Plaintiff fails to allege that Defendants had knowledge of the Asserted Patent or knowledge that their actions constituted patent infringement, each of which is required for a contributory infringement claim. *See infra* § II(E)(4); *see also* Ex. E (*Hark C. Chan v. AT&T Mobility LLC*, Case No. 11-cv-01766 (JLR), slip op., Dkt. #39, at *8-10 (W.D. Wash. July 18, 2012) (dismissing contributory infringement claim)); *see also* Ex. F (*Illumina, Inc. v. Life Tech. Co.*, Case No. 11-cv-3022 (JAH – DHB), slip op., Dkt. #67, at *13 (S.D. Cal. Sept. 22, 2016) (same)).

In addition, Plaintiff fails to allege the second element for a contributory infringement claim: that the activities or components alleged to infringe have "no substantial non-infringing use." Ex. D (*CAP Co.*, Case No. 14-cv-1899 (MJP), slip op., Dkt. #70, at *4-5 (W.D. Wash. Apr. 6, 2015) (dismissing contributory infringement claim for failure to include allegations of non-infringing use)). Moreover, the Complaint is exceedingly vague as to what specific activities (other than "deploy[ing]" and "integrating . . . into the AT&T network") and what specific components or systems purportedly infringe the claims of the Asserted Patent. Accordingly, Defendants are unable to analyze which activities, components, or systems would need to have "no substantial non-infringing use."

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

1  In short, the Complaint fails to plead facts sufficient to support a claim for contributory

2  infringement and that claim should be dismissed.

3  **4.  Plaintiff fails to allege that Defendants intended for their customers to infringe or that they knew that their customers' acts constituted infringement to support a claim for induced infringement.**

5  Plaintiff fails to plead facts sufficient to support its claim for induced infringement.  To

6  properly plead a claim of induced infringement, Plaintiff must plead facts sufficient to show that

7  (1) Defendants' customers directly infringed, (2) Defendants intended to induce their customers

8  to infringe, and (3) Defendants knew of the Asserted Patent and knew that their customers' acts

9  constituted patent infringement.  *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.

10  Cir. 2006).  Induced infringement will occur only "if the party being induced directly infringes

11  the patent."  *Crystal Semiconductor Corp. v. TriTech Microelecs. Int'l, Inc.*, 246 F.3d 1336, 1351

12  (Fed. Cir. 2001).  "[M]ere knowledge of possible infringement will not suffice."  *Vita-Mix Corp.*

13  *v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).  The intent requirement "requires

14  more than just intent to cause the acts that produce direct infringement.  Beyond that threshold

15  knowledge, the inducer must have an affirmative intent to cause direct infringement . . .

16  requir[ing] that the alleged infringer knowingly induced infringement and possessed specific

17  intent to encourage another's infringement."  *DSU Med.*, 471 F.3d at 1306 (internal quotation

18  marks and citations omitted).  The "Supreme Court has explained that the term induce as it is

19  used in § 271(b) means to lean on; to influence; to prevail on; to move by persuasion," thus,

20  "successful communication between the alleged inducer and the third-party direct infringer" is

21  necessary.  *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1331

22  (Fed. Cir. 2016) (internal quotation marks omitted) (quoting *Global-Tech Appliances, Inc. v.*

23  *SEB S.A.*, 563 U.S. 754, 760 (2011)).  Finally, induced infringement requires more than mere

24  knowledge that a product is being used, it "requires knowledge that the induced acts constitute

25  patent infringement."  *Global-Tech Appliances*, 563 U.S. at 766.

26

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 18

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

The Complaint here wholly fails to address requisite elements (1) through (3) for induced infringement: failing to allege that Defendants' customers directly infringe, failing to allege that Defendants had knowledge of the Asserted Patent, and failing to allege that Defendants knew that their customers' acts constituted patent infringement. The only allegations in the Complaint that could be argued to support these elements are entirely conclusory and lack any factual support: "Defendants' collective actions to induce customers to use the intellectual property in question," Dkt. #1 at p. 5, ¶ 15; "AT&T now offers NumberSync, *i.e.,* 'twinning', as a standard value-add for all subscribers in the AT&T network," *id.* at p. 10, ¶ 35; "AT&T has offered and continues to offer to its entire subscriber base products that are protected by the '728 Patent, trade secrets, and/or copyrights," *id.*; and "AT&T is and has been … inducing others to infringe … including without limitation the offering of NumberSync to all subscribers to the AT&T network," *id.* at p. 14, ¶ 57. These threadbare, conclusory allegations provide absolutely no factual support regarding any direct infringement by Defendants' customers, Defendants' knowledge of the Asserted Patent, or Defendants' knowledge that their customers' acts constituted patent infringement. *See* Ex. F (*Illumina*, Case No. 11-cv-3022 (JAH – DHB), slip op., Dkt. #67, at *13 (S.D. Cal. Sept. 22, 2016) (dismissing induced infringement claim because the "[p]laintiff sets forth no allegations of direct infringement by any third party to support induced infringement" and even though the plaintiff "repeatedly references 'users' in the FAC, its allegations surrounding 'users' simply assert Defendants offer instructions and users' manuals with their instruments, reagents and kits. There are no facts to demonstrate infringement by a third party.")); *see also* Ex. E (*Hark C. Chan*, Case No. 11-cv-01766 (JLR), slip op., Dkt. #39, at *8-10 (W.D. Wash. July 18, 2012) (dismissing induced infringement claim)).

Plaintiff's conclusory statements regarding Defendants' alleged intent to induce do not salvage the claim: "Defendants knowingly induce infringement within the State of Washington and this district by contracting with others to market and sell infringing products and services with the knowledge and intent to facilitate infringing sales and use of the products and services

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

by others within Washington and this district," Dkt. #1 at p. 4, ¶ 12, and "AT&T's infringement is intentional," *id.* at p. 14, ¶ 60.  Indeed, Plaintiff's threadbare allegations fail to sufficiently address the required element of intent, making no mention of any alleged communication between Defendants and their customers intended to encourage infringement, as expressly required by recent Federal Circuit cases.  *See Power Integrations*, 843 F.3d at 1331; *see also* Ex. D (*CAP Co.*, Case No. 14-cv-1899 (MJP), slip op., Dkt. #70, at *4-5 (W.D. Wash. Apr. 6, 2015) (dismissing induced infringement claim)).  Plaintiff's claim for induced infringement is deficient and should be dismissed.

## III. PLAINTIFF'S STATE LAW CLAIMS OF BREACH OF CONTRACT AND TRADE SECRET MISAPPROPRIATION SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(1)

As a threshold issue, Plaintiff fails to sufficiently plead facts allowing this Court to exercise subject matter jurisdiction over Plaintiff's state law claims.  Plaintiff's alleged basis for subject matter jurisdiction is "under 28 U.S.C. § 1331, § 1332, and § 1338(a) because this action arises under the patent laws of the United States, including, 35 U.S.C. § 271 et seq."  *See* Dkt. #1 at p. 4, ¶ 10.  However, in addition to its federal claims for copyright and patent infringement, Plaintiff also asserts state law claims for breach of contract and trade secret misappropriation.[16] While Plaintiff generally cites to diversity of citizenship jurisdiction under § 1332, Plaintiff does not allege sufficient facts in support of either diversity jurisdiction or supplemental jurisdiction over these state law claims.  In particular, for diversity jurisdiction under § 1332, Plaintiff must allege that the controversy exceeds the sum or value of $75,000, which it has not done.  *See Rainero v. Archon Corp.*, 844 F.3d 832, 840 (Fed. Cir. 2016) (holding that the "district court correctly determined that it lacked diversity jurisdiction" because the "lack of pleading as to diverse citizenship and amount in controversy . . . plainly failed to allege the essential elements of diversity jurisdiction, required under § 1332(a)." (internal citation omitted)).  Moreover, as a

---

[16] As discussed in more detail above, Plaintiff does not specify whether its trade secret misappropriation claim is pursuant to state or federal law.  Defendants nonetheless address both potential claims throughout this motion.

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 20

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

limited liability company, Plaintiff must also allege the citizenship of its members because "an LLC is a citizen of every state of which its owners/members are citizens," which it has not done. *See Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (Fed. Cir. 2006); *see also North American Wellness Center, LLC v. Holmes*, Case No. 3:14-cv-2584 (CAB), 2015 WL 1291372, at *2 (S.D. Cal. Mar. 23, 2015) (dismissing complaint where plaintiff failed to adequately plead diversity jurisdiction).  Federal Rule of Civil Procedure 12(b)(1) requires dismissal of a claim if the Court finds it lacks subject matter jurisdiction.  Because "[f]ederal courts are courts of limited jurisdiction" (*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "[a] federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise."  *nexTUNE*, 2013 U.S. Dist. LEXIS 77128, at *8.  This Court in similar situations has dismissed plaintiff's state law claims for lack of jurisdiction.  *See id.* at *7-9 (dismissing state law claim where plaintiff failed to specifically allege either diversity jurisdiction or supplemental jurisdiction over its state law claims).  Likewise, here, Plaintiff's state law claims should be dismissed.

## IV.   IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(A)

Transfer of this case to the S.D.N.Y. is appropriate because the forum selection clause of the Agreement requires that suit be brought in New York, New York:



Ex. A (Agreement, Section 6) (emphasis added).  A forum-selection clause "*should be given controlling weight in all but the most exceptional cases.*"  *United States v. Int'l Fidelity*

---

[17] Defendants maintain that Plaintiff has not properly pleaded facts sufficient to show that it is a proper assignee of the Agreement. *See supra* § II(C).  However, if Plaintiff is deemed to be a proper assignee, this lawsuit should have been brought in the S.D.N.Y. pursuant to the forum selection clause of that Agreement.

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 21

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

*Insurance Co.*, Case No. 16-5142 (RBL), 2016 WL 5920091, at *2 (W.D. Wash. Oct. 11, 2016) (emphasis added). When a forum-selection clause exists, "[t]he clause requires the district court to modify the usual § 1404(a) analysis in three ways. First, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. Second, a court must deem the private-interest factors to weigh entirely in favor of the preselected forum. Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules[.]" *Id.* (internal citations omitted). Although the "district court may consider arguments about public interest factors," "those factors will rarely defeat a transfer motion . . . [and] forum selection clauses should control except in unusual cases." *Id.* at *3. Thus, the forum selection clause in the Agreement should control, and this case should be transferred to the S.D.N.Y.

## V.    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's claims for copyright infringement, breach of contract, misappropriation of trade secrets, and patent infringement. Alternatively, Defendants respectfully request that the Court transfer this case to the S.D.N.Y.

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 22

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

Dated: March 13, 2017

/s/ Christopher W. Kennerly

Christopher W. Kennerly (*pro hac vice*)
Lindsay M. White (*pro hac vice*)
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304
Telephone: 650-320-1800
Email: chriskennerly@paulhastings.com
Email: lindsaywhite@paulhastings.com

Blair M. Jacobs (*pro hac vice*)
PAUL HASTINGS LLP
600 13th Street NW
Washington, DC 20005
Telephone: 202-756-8000
Email: blairjacobs@paulhastings.com

Scott T. Wilsdon, WSBA No. 20608
YARMUTH WILSDON PLLC
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
Telephone: 206-516-3800
Email: wilsdon@yarmuth.com

*Counsel for Defendants AT&T Corp., AT&T Mobility LLC and AT&T Services, Inc.*

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 23

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800

# **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who receives CM/ECF notification.

DATED:  March 13, 2017, at Palo Alto, California.

*/s/ Christopher W. Kennerly*

DEFENDANTS' MOTION TO DISMISS
OR ALTERNATIVELY TO TRANSFER
NO. 2-16-CV-01852-TSZ – PAGE 24

PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
(650) 320-1800